## Assistant County Superintendents of Schools.

O'HARA, Deputy Attorney General, February 20, 1931.—We have your request to be advised whether an assistant county superintendent of schools holds office during the entire term for which the county superintendent who appointed him was elected, or whether the term of the assistant superintendent expires if and when the county superintendent resigns during the term for which he was elected.

Assistant county superintendents are appointed under section 1127 of the School Code (Act of May 18, 1911, P. L. 309), which provides that they shall be nominated by the county superintendents, and that the nominations, when confirmed as therein provided by the officers of the county school directors' association, shall be appointments "until the end of the county superintendent's term of office."

Section 1129 of the School Code deals with the removal of assistant superintendents. It provides that:

"Upon the written charges and recommendation of the county superintendent, or of the majority of the members of each of three boards of school directors whose schools are under the jurisdiction of the county superintendent, assistant county superintendents of any county may, after a hearing, be removed by the Superintendent of Public Instruction, for the same cause and in like manner as a county superintendent is removed."

The removal of county superintendents is governed by section 1119 of the School Code, which is as follows:

"Any county superintendent may be removed by the Superintendent of Public Instruction, at any time, for neglect of duty, incompetency, intemperance, immorality, or other improper conduct as well as for the violation of any of the provisions of this act: Provided, That before any county superintendent shall be removed, he shall be given a hearing, of which he shall have reasonable notice, together with a statement of the charges preferred against him."

Does the language of section 1127 mean that the appointment of the assistant county superintendent ends with the incumbency of the county superintendent making the appointment, or does it mean that the assistant's term is that for which the appointing county superintendent was elected as provided by section 1105 of the School Code, as amended by the Act of April 23, 1923, P. L. 349?

While the office of assistant county superintendent is filled by conditional appointment by the county superintendent, nevertheless, the power vested in the county superintendent to appoint, in this instance, does not imply the power to remove such assistant county superintendent. Such removal must be in accord with the provisions of section 1129, above quoted. That is to say, after appointment by the county superintendent, confirmation by the officers of the school directors' association, and issuance of his commission by the Superintendent of Public Instruction, an assistant county superintendent may be removed only by the quasi-judicial method provided by section 1129, and for due cause shown.

There is reasoned authority for holding that an appointment during the term of the appointing officer ends with the incumbency of the appointing power: See State, ex inf. Major, v. McKay, 249 Mo. 249, 155 S. W. 396, where an official court stenographer was appointed to "hold his office during the term of the judge appointing him," and it was held, by a divided court, that "the official term of the stenographer for such judge is the term of actual service of the appointing judge."

However, that case differs from the situation we are discussing, for in this instance the statute creating the office, providing the manner of filling it, and the term of office, also provides that the appointee may be removed only for certain specified causes, upon information and recommendation of the county superintendent or of the majority of each of three school boards of the county, and after hearing, by the Superintendent of Public Instruction.

In addition, the assistant county superintendent owes a trifold duty under sections 1131 and 1132 of the School Code: (1) To the county superintendent, to supervise and direct the work of the schools; (2) to the boards of directors to inspect school property, grade the schools, and secure uniformity in courses of study; (3) to the Superintendent of Public Instruction to direct or conduct examinations, etc., when required.

His duties are prescribed by law: He is subject to direction or request of officers other than the county superintendent, and his responsibility is not single and personal to the county superintendent.

Accordingly, we advise you that the term of an assistant county superintendent of schools does not end automatically with the resignation of his county superintendent; he is entitled to serve until the end of the term for which the county superintendent was elected, unless sooner removed under the provisions of section 1129 of the School Code.